# SENTENCE

CR. NO. 1:04-CR-12 (WLS)  DATE DECEMBER 20, 2004
DEFT. JACK ERIC WILLIAMS  ATTY GERALD B. WILLIAMS
AUSA JAMES N. CRANE  COURT REPT. SALLY GRAY
LEVEL _____  CATEGORY _____  RANGE _____
SUPERVISED RELEASE 3 YEARS  PROBATION ____ YEARS
IMPRISONMENT 60 MONTHS consecutive to Coodon Cty, Ga, etc.

SPECIAL CONDITIONS:

[✓] Defendant shall not possess **FIREARMS** or other dangerous weapons.

[✓] Defendant shall participate in a **PROGRAM** approved by USPO which may include urinalysis testing to determine whether or not defendant is using drugs or alcohol, and if necessary, treatment of drug/alcohol addiction/dependence.

[✓] Defendant shall participate in a **MENTAL HEALTH PROGRAM** as directed by USPO.

[ ] Defendant shall reside at the **DISMAS HOUSE**, Macon, GA, for a period of _____ and shall abide by the Dismas House rules at all times.

[ ] Defendant shall comply with conditions of **HOME CONFINEMENT** for a period not to exceed _____ consecutive days. During this time, defendant will remain at his place of residence at all times and shall not leave except when such leave is approved in advance by USPO. Defendant will maintain a telephone at his place of residence without "call forwarding", a modem, "Caller ID", "call waiting", or portable cordless telephones for the above period. At the direction of USPO, defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by USPO and shall pay all costs as directed by USPO.

[ ] Upon completion of the imprisonment portion of this sentence, the defendant shall be delivered to a duly authorized U.S. Immigration Official and shall remain in their custody until defendant can be **DEPORTED** from the United States pursuant to 18:3583(d). Defendant may not return to the United States without written permission from INS to do so.

[ ] The defendant shall not possess a **TELEPHONIC NOTIFICATION DEVICE** (beeper) or cellular type telephone while under supervised release.

[ ] Defendant shall provide USPO/BOP with access to any requested **FINANCIAL INFORMATION**.

[ ] Defendant is permanently ineligible to receive **FEDERAL BENEFITS**.

[ ] Defendant is ineligible to receive **FEDERAL BENEFITS** for a period of _____.

[ ] The required **DRUG TESTING** condition is **SUSPENDED** based on the court's determination that the defendant poses a low risk of future substance abuse.

[ ] **RESTITUTION:** Defendant shall make restitution in the amount of $_____, to _____ in accordance with an installment plan approved by the BOP during confinement and the USPO after release.

[ ] Defendant shall not incur any new **CREDIT CHARGES** OR **OPEN ADDITIONAL LINES OF CREDIT** without the approval of the Probation office.

[ ] **OTHER:** anger management program

[ ] **FINE $**_____ to be paid in accordance with an installment plan approved by the BOP during confinement and the USPO after release, plus any interest and/or penalties that may accrue. It is the Court's judgment that defendant is unable and not likely to become able to pay any additional fine; therefore, Court waives any additional fine as well as any alternative sanctions in this case. Court is also waiving the additional fine requiring defendant pay the cost of imprisonment and/or supervision fee.

[✓] **FINE WAIVED.** It is the Court's judgment that the defendant is unable and not likely to become able to pay all or part of a fine even with use of a reasonable installment schedule; therefore, the Court waives fine as well as any alternative sanctions in this case. The Court is also waiving additional fine requiring defendant pay cost of imprisonment and/or supervision fee.

[✓] **MANDATORY ASSESSMENT** 100.00

[ ] COST OF IMPRISONMENT _____   [ ] COST OF SUP. REL. _____

VOLUNTARY SURRENDER:  APPEAL INFORMATION GIVEN TO:
YES (____)  NO (____)   ATTORNEY (✓)  DEFENDANT (✓)